# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ALVIN LINTON,**

    Petitioner,

vs.                                 Case No. 4:05cv319-WS/WCS

**SHERIFF LARRY CAMPBELL,**

    Respondent.

_____/

## AMENDED REPORT AND RECOMMENDATION

A report and recommendation is currently pending in this case. Doc. 5. Petitioner seeks reconsideration, which is granted by separate order. Attached to Petitioner's motion for reconsideration, doc. 6, are documents from his other habeas corpus case, 4:05cv265-MP/EMT.

In both cases, Petitioner challenges his continuing detention in the Leon County Jail on the same charges. *See* doc. 4, pp. 1-2 (noting that Petitioner was seeking dismissal of the "2820" cases) and attachments to doc. 6 (attempted filings in 4:05cv265-MP/EMT, referencing the 2820 cases). A review of the dockets in both cases reveals some confusion as to which case is which. Since case number

4:05cv265-MP/EMT was opened first, and for other reasons set forth below, this case should be closed.

Petitioner filed a habeas corpus petition in the other case and, by order of August 2, 2005, was directed to file an amended petition using 28 U.S.C. § 2241 forms. Doc. 7 in that case. Petitioner had until September 2, 2005, to file an amended petition. Docs. 7 and 11 in that case. He filed an amended § 2241 petition, and an amended petition using the form for filing a 28 U.S.C. § 2254 petition. Docs. 14-1 and 14-2 in that case (entered on the docket on September 13, 2005).

In this case, the petition and request to proceed in forma pauperis were entered on the docket on September 7, 2005. Docs. 1 and 2.[1] The undersigned granted leave to proceed in forma pauperis and directed Petitioner to clarify his claims. Doc. 4. As noted in the order, Petitioner had filed a § 2241 petition as doc. 1, and a § 2254 petition was attached to doc. 2. Doc. 4, p. 1. The court noted differences between § 2241 and § 2254 petitions, that exhaustion was required for both types of petitions, and that Petitioner had not alleged a federal claim. *Id.*, pp. 2-3. Petitioner did not file a response in this case, and it was recommended that the case be dismissed without prejudice. Doc. 5. Petitioner then filed the request for reconsideration now before the court. Doc. 6.

In the other case, Petitioner submitted documents entitled "clarfieing [sic] my claims," which were rejected as deficient. Docs. 22 and 25 in that case. It appears that

---

[1] Given the proximity in filing the amended petition in the other case and the initiation of this case, it is not altogether clear that Petitioner meant to open a separate case.

he was attempting to comply with the order to clarify entered in *this* case.  Petitioner was given 30 days from the docketing of the order in that case in which to file a motion to amend his petition, absent which the court would serve his amended petition filed as doc. 14.  Doc. 23 in that case (entered on the docket on December 2, 2005).

There is no reason for Petitioner to have two federal cases challenging the same detention on the same charges.

It is therefore respectfully **RECOMMENDED** that this cause be **SUMMARILY DISMISSED**, as Petitioner should raise all related claims in case 4:05cv265-MP/EMT.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2005.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:05cv319-WS/WCS